# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXON AMERICA INC, <br><br> Plaintiff <br><br> v. <br><br> UNILOC 2017 LLC, UNILOC USA, INC., AND UNILOC LUXEMBOURG, S.A, <br><br> Defendants. | C.A. No. 19-cv-1096-RGA <br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Dated: September 20, 2019

Of Counsel:

James L. Etheridge
Ryan S. Loveless
Brett A. Mangrum
Travis L. Richins
Etheridge Law Group
2600 East Southlake Blvd, Suite 120-324
Southlake, TX 76092
jim@etheridgelaw.com
ryan@etheridgelaw.com
brett@etheridgeLaw.com
travis@etheridgelaw.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
FARNAN LLP
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants Uniloc 2017, LLC, Uniloc USA, Inc., and Uniloc Luxembourg, SA*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I. Nature and Stage of The Proceedings ........................................................................ 1

II. Summary of Argument ................................................................................................. 1

III. Statement of Facts ........................................................................................................ 3

   A. The first-filed 276 Case concerning the '228 and '229 patents is still pending, and the Federal Circuit has already affirmed the 276 Case decision invalidating the '228 and '229 patents. ............. 4

   B. The Federal Circuit has already affirmed a decision by the Eastern District of Texas invalidating the '466 and '766 patents. ....................................................................... 5

   C. Uniloc filed suit on the '578 and '293 patents against the entities it considers the true infringers two days before Nexon America filed this declaratory judgment action. ........................................... 6

IV. Argument ........................................................................................................................ 7

   A. Declaratory judgment claims involving the '228 and '229 patents should be dismissed for lack of jurisdiction and under the first-to-file rule. ....................................................... 8

   B. Declaratory judgment claims involving the '466 and '766 patents should be dismissed for lack of jurisdiction. ...................................................................................................... 9

   C. Declaratory judgment claims involving the '578 and '293 patents should be dismissed for lack of jurisdiction and under the first-to-file rule. ....................................................... 9

V. Conclusion .................................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
　495 F.3d 1340 (Fed. Cir. 2007) ............................................................................................. 2, 7

*Codex Corp. v. Milgo Elec. Corp.*,
　553 F.2d 735 (1st Cir. 1977) ..................................................................................................... 7

*E.E.O.C. v. Univ. of Penn.*,
　850 F.2d 969 (3d Cir. 1988) ...................................................................................................... 7

*Genentech, Inc. v. Eli Lilly & Co.*,
　998 F.2d 931 (Fed. Cir. 1993), *rev'd on other grounds, Wilton v. Seven Falls Co.*, 515 U.S.
　277 (1995) ............................................................................................................................ 2, 7, 10

*Katz v. Lear Sigler, Inc.*,
　909 F.2d 1459 (Fed. Cir. 1990). ................................................................................... 3, 7, 8, 10

*MedImmune, Inc. v. Genentech, Inc.*,
　549 U.S. 118 (2007) ............................................................................................................... 2, 7

*Nexans Inc. v. Belden Inc.*,
　966 F. Supp. 2d 396 (D. Del. 2013) ....................................................................................... 2, 7

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*,
　665 F.3d 1269 (Fed. Cir. 2012) ............................................................................................. 1, 7, 9

*Time Warner Cable, Inc. v. GPNE Corp.*,
　497 F. Supp. 2d 584 (D. Del. 2007) ........................................................................................ 10

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 1

Defendants Uniloc 2017, LLC, Uniloc USA, Inc., and Uniloc Luxembourg, SA ("Uniloc" or "Defendants") move to dismiss Plaintiff Nexon America Inc's ("Nexon America" or "Plaintiff") declaratory judgment complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under the first-to-file rule.

### I.  NATURE AND STAGE OF THE PROCEEDINGS

On June 14, 2019, Nexon America Inc. ("Nexon America") filed this declaratory judgment action seeking declarations of non-infringement and invalidity of six patents owned by Uniloc 2017 LLC ("Uniloc"):  U.S. Patent Nos. 6,324,578 (the "'578 patent"); 7,069,293 (the "'293 patent"); 6,510,466 (the "'466 patent"); 6,728,766 (the "'766 patent"); 6,110,228 (the "'228 patent"); and 6,564,229 (the "'229 patent").  D.I. 1.  Other proceedings involving these patents were previously brought in three other cases in the Eastern District of Texas.  *See Uniloc USA, Inc. et al v. Nexon America, Inc.*, No. 2:17-cv-00276 (E.D. Tex.) (the "**276 Case**"); *Uniloc USA, Inc. et al v. Nexon America, Inc.*, No. 2-17-cv-00281 (E.D. Tex.) (the "**281 Case**"); and *Uniloc 2017 LLC v. Nexon Co., Ltd et al.*, No. 2:19-cv-00220 (E.D. Tex.) (the "**220 Case**").  The 276 Case is stayed, the 281 Case has been terminated, and the 220 Case, filed two days prior to the filing of Nexon's declaratory judgment complaint, is still pending.  Uniloc files this motion to dismiss in response to the complaint.

### II.  SUMMARY OF ARGUMENT

1.  Nexon America's complaint should be dismissed because there is not a substantial controversy between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281–82 (Fed. Cir. 2012) ("A party claiming declaratory judgment jurisdiction has the burden of showing 'that the facts alleged, "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and

reality to warrant the issuance of a declaratory judgment.") (quoting *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007))).

2. Here, there can be no substantial controversy of sufficient immediacy concerning the '466 and '766 patents because the Federal Circuit has already affirmed a decision by the Eastern District of Texas invalidating the claims in those patents that were asserted against Nexon America, Inc. The Federal Circuit has also already affirmed a decision by the Western District of Washington invalidating the '228 and '229 patents. Unless Uniloc appeals the Federal Circuit's decision to the Supreme Court, and the Supreme Court grants certiorari, there can be no substantial controversy of sufficient immediacy concerning the '228 and '229 patents. (If Uniloc does appeal the Federal Circuit's decision concerning the '228 and '229 patents, Nexon America's claims concerning the '228 and '229 patents should be dismissed under the first-filed case rule, as explained below.) Finally, there is no substantial controversy of sufficient immediacy concerning the '578 and '293 patents because, on information and belief, the true defendants responsible for the infringing products are Nexon Japan and/or Nexon Korea. Indeed, two days before Nexon America filed this suit, Uniloc had already filed suit against Nexon Japan and Nexon Korea.

3. Nexon America's claims concerning the '228, '229, '578 and '293 patents should also be dismissed under the first-filed case rule. "The Federal Circuit prefers 'to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise.'" *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 403 (D. Del. 2013) (quoting

2

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *rev'd on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).

4. Here, an earlier case involving the '228 and '229 patents is currently stayed in the Eastern District of Texas. In addition, a case asserting infringement of the '578 and '293 patents only against the Nexon Japan and Nexon Korea entities was filed prior to this declaratory judgment suit. The suit against the Nexon Japan and Nexon Korea entities is not only the first-filed, but also takes precedence because "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Sigler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

### III. STATEMENT OF FACTS

Uniloc is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach, California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702. Uniloc 2017 LLC holds all substantial rights, title, and interest in and to the '578 patent, the '293 patent, the '466 patent, the '766 patent, the '228 patent, and the '229 patent. Declaration of Ryan Loveless ("Loveless Decl.") ¶ 2.

Nexon America is a Delaware corporation that claims to have a principal place of business at 621 Hawaii Street, El Segundo, CA 90245. D.I. 7 (Amended Complaint), ¶ 2. Nexon America alleges that it "develops, among other things, multiplayer online roleplaying games that are widely popular in the United States." *Id.* ¶ 16.

Nexon Co., Ltd. ("Nexon Japan") is a Japanese company having a place of business at 1-4-5 Roppongi, Minato-ku, Tokyo 106-0032, Japan. Nexon Co., Ltd. Nexon Japan is known to have developed Nexon Launcher. *See* Loveless Decl. ¶ 3. The Terms of Use on the Nexon website login present "an agreement between you and NEXON Co., Ltd. and its subsidiaries and affiliates." *Id.* ¶ 5.

3

Nexon Korea Corporation ("Nexon Korea") (f/k/a Nexon Corporation) is a Korean company having a place of business at 7, Pangyo-ro 256beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do, Korea, 463-400. Nexon Korea is claimed to be the publisher of Nexon Launcher. *Id.* ¶ 4.

### A. The first-filed 276 Case concerning the '228 and '229 patents is still pending, and the Federal Circuit has already affirmed the 276 Case decision invalidating the '228 and '229 patents.

Nexon America seeks a declaratory judgment of non-infringement and invalidity of the '228 and '229 patents[1] even though: (1) the first-filed 276 Case between the parties concerning the same patents is still pending in the Western District of Washington; and (2) the Federal Circuit has already affirmed a decision entered in the 276 Case invalidating the '228 and '229 patents.

Uniloc's predecessors-in-interest, Uniloc Luxembourg S.A. and Uniloc USA, Inc., first filed suit against Nexon America on April 6, 2017 in the Eastern District of Texas in *Uniloc USA, Inc. et al v. Nexon America, Inc.*, No. 2:17-cv-00276 (E.D. Tex.), asserting infringement of the '228 and '229 patents.[2] The 276 Case was consolidated with others under lead case *Uniloc USA, Inc. et al v. Riot Games, Inc.*, No. 2:17-cv-00275 (E.D. Tex.). *See* 276 Case, Dkt. 13 (Consolidation Order).

On June 19, 2018, the district court in a separate case in the Western District of Washington granted a motion to dismiss against the Uniloc entities, determining that the claims of the '228 and '229 patents were patent ineligible under 35 U.S.C. § 101. *Uniloc USA, Inc. et al v. Big Fish Games, Inc.*, No. C17-1183 RAJ, Dkt. 55 (W.D. Wa. June 19, 2018). On July 17,

---

[1] *See* D.I. 1, ¶¶ 118–151 (Counts 9–12).

[2] *Uniloc* respectfully requests that the Court take judicial notice of facts relating to filings in the related cases.

4

2018, the district court in the 276 Case granted an unopposed motion to stay pending appeal to the Federal Circuit of the decision in *Big Fish Games*. 276 Case, Dkt. 15. On September 13, 2019, the Federal Circuit affirmed the district court's decision in *Big Fish Games* without opinion. *Uniloc USA, Inc. et al. v. Big Fish Games, Inc.*, No. 2018-2186 (Fed. Cir. Sept. 13, 2019) (non-precedential).

### B. The Federal Circuit has already affirmed a decision by the Eastern District of Texas invalidating the '466 and '766 patents.

Nexon America also seeks a declaratory judgment of non-infringement and invalidity of the '466 and '766 patents[3] even though the Federal Circuit has already affirmed decisions by the Eastern District of Texas invalidating those patents.

On April 7, 2017, Uniloc's predecessors filed suit against Nexon America in the Eastern District of Texas asserting infringement of the '578, '293, '466, and '766 patents. *Uniloc USA, Inc. et al v. Nexon America, Inc.*, No. 2-17-cv-00281 (E.D. Tex.), Dkt. 1. Uniloc served infringement contentions asserting infringement of claims 1, 2, 7, 8, 15, 17, 22, and 23 of the '466 patent, and claims 1, 3, 7, 9, 13, and 15 of the '766 patent. Loveless Decl. ¶ 7.

On September 28, 2017, in another consolidated case, the district court in the Eastern District of Texas determined that certain claims of the asserted patents were invalid as drawn to ineligible subject matter, including claims 3–5, 8, 9, 13, 15–20, 22–24, 28–33, 35–37, 41 and 42 of the '466 patent; claims 5, 7, 9, 11, 13, 15 and 17 of the '766 patent; claims 1–8, 10–39 and 41–46 of the '578 patent; and claims 1, 12 and 17 of the '293 patent. *Uniloc USA, Inc. et al. v. ADP, LLC*, No. 2:16-CV-00741-RWS (Lead), Dkt. 267 (E.D. Tex. Sept. 28, 2017). The Order in *ADP* notes that the Court previously determined that claims 1, 2, and 7 of the '466 patent and claims 1 and 3 of the '766 patent were drawn to ineligible subject matter. *Id.* at 2. The Order in

---

[3] *See* D.I. 1, ¶¶ 44–117 (Counts 1–8).

5

*ADP* and the prior case thus invalidated all claims of the '466 and '766 patents that were asserted against Nexon.

On Oct. 11, 2017, the district court in the 281 Case dismissed without prejudice all claims against Nexon America based on Uniloc's notice of dismissal. 281 Case, Dkt. 14 (E.D. Tex. Oct. 11, 2017).

On May 24, 2019, the Federal Circuit affirmed the invalidity decision as to the claims of the '466 and '766 patents. *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890 (Fed. Cir. May 24, 2019) (non-precedential).

### C. Uniloc filed suit on the '578 and '293 patents against the entities it considers the true infringers two days before Nexon America filed this declaratory judgment action.

In the same opinion, the Federal Circuit reversed the Eastern District of Texas's invalidity decision as to the claims of the '578 and '293 patents. On June 12, 2019, Uniloc 2017 LLC (the successor in interest to the '578 and '293 patents) filed suit against Nexon Japan and Nexon Korea for infringement of the '578 and '293 patents in the Eastern District of Texas. *Uniloc 2017 LLC v. Nexon Co., Ltd et al.*, No. 2:19-cv-00220 (E.D. Tex.), Dkt. 1. Uniloc includes in its complaint the software licensing and delivery system referred to as the "Nexon Launcher." *Id.* ¶ 13. Uniloc did not include Nexon America in the 220 Case because, by this time, Uniloc had determined on information and belief that Nexon Japan and/or Nexon Korea made and published the Nexon Launcher. Loveless Decl. ¶ 6. Thus, Uniloc sued the Nexon entities it considered the true defendants responsible for the infringing products and most likely to be in possession of technical information related to them, rather than the downstream Nexon America entity. *Id.*

Nexon America's declaratory judgment complaint seeks declaratory judgment of non-infringement and invalidity of the '578 and '293 patents despite the earlier-filed 220 Case

6

pending against Nexon Japan and Nexon Korea.

IV.     ARGUMENT

"A party claiming declaratory judgment jurisdiction has the burden of showing 'that the facts alleged, "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."'" *Streck*, 665 F.3d at 1281–82 (quoting *Benitec*, 495 F.3d at 1343 (quoting *MedImmune*, 549 U.S. at 127)). "The party seeking a declaratory judgment must establish that jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Id.* at 1282 (internal quotation omitted). "It is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." *Id.* at 1281 (internal quotation omitted).

"The Federal Circuit prefers 'to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise.'" *Nexans*, 966 F. Supp. 2d at 403 (quoting *Genentech*, 998 F.2d at 937). "If applied, the rule counsels that a later-filed action involving the same controversy should be dismissed, transferred or stayed in favor of the first-filed action." *Id.* "'The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.'" *Id.* (quoting *E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 971 (3d Cir. 1988)).

Under a "customer suit" exception to the first-to-file rule, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz,* 909 F.2d at 1464. This is because the manufacturer is the "true defendant." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977). "'[I]t is

7

a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.'" *Katz*, 909 F.2d at 1464 (quoting *Codex*, 553 F.2d at 738).

### A. Declaratory judgment claims involving the '228 and '229 patents should be dismissed for lack of jurisdiction and under the first-to-file rule.

Nexon America's claims involving the '228 and '229 patents should be dismissed for lack of jurisdiction and under the first-to-file rule. At the time Nexon America filed its declaratory judgment complaint, the claims of the '228 and '229 patents had been held invalid, and the lawsuit filed in the Eastern District of Texas in 2017 asserting these patents was stayed pending appeal of the invalidity decision. *Uniloc USA, Inc. et al v. Big Fish Games, Inc.*, No. C17-1183 RAJ, Dkt. 55 (W.D. Wa. June 19, 2018) (invalidity ruling); 276 Case, Dkt. 15 (July 17, 2018) (granting unopposed motion to stay). The Federal Circuit has now affirmed the district court's invalidity ruling. *Uniloc USA, Inc. et al. v. Big Fish Games, Inc.*, No. 2018-2186 (Fed. Cir. Sept. 13, 2019) (non-precedential). Under these circumstances, there is no "substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" under *MedImmune*.

Further, even if there is jurisdiction, claims involving the '228 and '229 patents should be dismissed under the first-to-file rule. The earlier filed action involving these patents was stayed without opposition from Nexon America. Nexon America's filing of a declaratory judgment complaint involving the same patents almost two years later promotes neither economy nor justice. The only proper course is for the parties to work with the court in the stayed, first-filed action to determine the appropriate status of the case pending any potential request for Supreme Court review.

8

### B. Declaratory judgment claims involving the '466 and '766 patents should be dismissed for lack of jurisdiction.

Nexon America's claims involving the '466 and '766 patents should be dismissed for lack of jurisdiction because, at the time Nexon America filed its declaratory judgment complaint, the claims of the '466 and '766 patents that had been asserted against Nexon America in a terminated case had been held invalid by the district court in an opinion affirmed by the Federal Circuit. *See Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890 (Fed. Cir. May 24, 2019) (non-precedential); Loveless Decl. ¶ 7. Although unasserted claims from the '466 and '766 patents have not been invalidated, "[i]t is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." *Streck*, 665 F.3d at 1281 (internal quotation omitted).

In addition, Uniloc had re-filed the suit alleging infringement only of the remaining patents, the '578 and '293 patents, and only against the manufacturer/publisher entities, further evidencing a lack of substantial controversy involving Nexon America "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Uniloc 2017 LLC v. Nexon Co., Ltd et al.*, No. 2:19-cv-00220 (E.D. Tex.), Dkt. 1.

### C. Declaratory judgment claims involving the '578 and '293 patents should be dismissed for lack of jurisdiction and under the first-to-file rule.

Nexon America's claims involving the '578 and '293 patents should be dismissed for lack of jurisdiction and under the first-to-file rule. At the time Nexon America filed its declaratory judgment complaint, Uniloc had re-filed the suit alleging infringement only of the '578 and '293 patents, and only against the manufacturer/publisher entities. *See id.* This action evidences a lack of substantial controversy involving Nexon America "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" because Uniloc's intent to pursue the upstream entities is clear.

Further, even if there were declaratory judgment jurisdiction over claims involving the '578 and '293 patents, there is already a first-filed case in the Eastern District of Texas. *Uniloc 2017 LLC v. Nexon Co., Ltd et al.*, No. 2:19-cv-00220 (E.D. Tex.), Dkt. 1. "Since the two cases both involve the same facts and the same patent, trying the matter in two different courts would defeat the reasoning behind the first-to-file rule." *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 589–90 (D. Del. 2007). "Absent sound reason favoring a different forum, a first-filed suit is entitled to precedence against a subsequent suit." *Genentech*, 998 F.2d at 949.

In addition, generally "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz*, 909 F.2d at 1464. Here, where Uniloc is willing to proceed in the first instance against the upstream Japanese and Korean entities that make the accused products, maintaining a declaratory judgment suit involving Nexon America hinders economy for the judiciary and the parties, and risks conflicting judgments.

## V.     CONCLUSION

For the foregoing reasons, Uniloc respectfully requests that this action be dismissed. In the event the Court determines that dismissal would not be appropriate, Uniloc respectfully suggests that the case should be stayed pending resolution of the first-filed case in the Eastern District of Texas or transferred to that court.

| | |
|---|---|
| Dated: September 20, 2019 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| James L. Etheridge<br>Ryan S. Loveless<br>Brett A. Mangrum<br>Travis L. Richins<br>Etheridge Law Group<br>2600 East Southlake Blvd, Suite 120-324<br>Southlake, TX  76092<br>jim@etheridgelaw.com<br>ryan@etheridgelaw.com<br>brett@etheridgeLaw.com<br>travis@etheridgelaw.com | /s/ Brian E. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>Telephone: 302-777-0300<br>Facsimile: 302-777-0301<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Attorneys for Defendants Uniloc 2017, LLC, Uniloc USA, Inc., and Uniloc Luxembourg, SA* |