IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXON AMERICA INC. | |
| Plaintiff, | |
| v. | Civil Action No. 19-1096-CFC |
| UNILOC 2017 LLC, UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., | |
| Defendants. | |

Phillip Rovner, Jonathan Choa, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware; Allen Wang, David Hayes, Earl Mah, FENWICK & WEST LLP, San Francisco, California; Charlene Morrow, Min Wu, FENWICK & WEST LLP, Mountain View, California; Venessa Park-Thompson, FENWICK & WEST LLP, New York, New York

*Counsel for Plaintiff*

Brian Farnan, FARNAN LLP, Wilmington, Delaware; James Etheridge, ETHERIDGE LAW GROUP, Southlake, Texas

*Counsel for Defendants*

**MEMORANDUM OPINION**

June 5, 2020
Wilmington, Delaware

*[signature]*
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Nexon America, Inc. brought this declaratory judgment action against Uniloc 2017 LLC, Uniloc USA, Inc., and Uniloc Luxembourg, S.A. (collectively, Uniloc). D.I. 7. Nexon America seeks declarations of non-infringement, unpatentability, and invalidity of U.S. Patent Nos. 6,510,466 (the #466 patent), 6,728,766 (the #766 patent), 6,110,228 (the #228 patent), 6,564,229 (the #229 patent), 6,324,578 (the #578 patent), and 7,069,293 (the #293 patent). D.I. 7 at 1. Uniloc has moved to dismiss Nexon America's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under the first-filed rule. D.I. 9.

## I. BACKGROUND

Nexon America is a Delaware corporation that "develops, among other things, multiplayer online roleplaying games." D.I. 7 ¶¶ 2, 16. Uniloc is a "patent-licensing company," D.I. 7 ¶ 17, and Uniloc 2017 holds all "substantial rights, title, and interest" in the asserted patents, D.I. 10 at 3.

In 2017, Uniloc entities[1] that did not include Uniloc 2017, brought two patent infringement lawsuits against Nexon America in the Eastern District of

---

[1] I used the term "Uniloc entities" because both parties used that term in their respective briefs. *See e.g.*, D.I. 10 at 4; D.I. 14 at 2.

Texas. D.I. 10 at 4–5; D.I. 14 at 2. In the first case, *Uniloc USA, Inc. v. Nexon America, Inc.*, No. 2:17-cv-00281 (E.D. Tex.) (the 281 case), Uniloc entities asserted the #578, #293, #466, and #766 patents against Nexon America. D.I. 10 at 5; D.I. 14 at 6. The Uniloc entities voluntarily dismissed the 281 case, however, after the Eastern District of Texas in a separate case, determined that the asserted claims of the #466 and #766 patents were invalid. *Uniloc USA, Inc. v. ADP, LLC*, 279 F. Supp. 3d 736, 751 (E.D. Tex. 2017); D.I. 10 at 5–6; D.I. 14 at 6. The Federal Circuit later affirmed that invalidity decision. *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 901, 902 (Fed. Cir. 2019). Other claims of the #466 and #766 patents remain live. D.I. 14 at 13; D.I. 19 at 4.

In the second case, *Uniloc USA, Inc. v. Nexon America, Inc.*, No. 2:17-cv-00276 (E.D. Tex.) (the #276 case), Uniloc entities asserted the #228 and #229 patents against Nexon America. D.I. 10 at 4; D.I. 14 at 2, 6–7. The Eastern District of Texas dismissed the 276 case, however, after the Western District of Washington in a separate case invalidated the #228 and #229 patents, the Federal Circuit affirmed that invalidity decision, and Uniloc did not file a petition for *writ of certiorari* to the Supreme Court for the invalidity decision before its deadline for filing a petition passed. *Uniloc USA Inc. v. Nexon America Inc.*, No. 2:17-cv-00277, D.I. 17; *Uniloc USA, Inc. v. Big Fish Games, Inc.*, 320 F. Supp. 3d 1178, 1184, 1186 (W.D. Wash. 2018), *aff'd*, 777 F. App'x 517 (Fed. Cir. 2019); D.I. 19

at 4.[2]

In 2019, Uniloc 2017 sued Nexon Japan and Nexon Korea in the Eastern District of Texas for infringement of the #578 and #293 patents in *Uniloc 2017 LLC v. Nexon Co.*, No. 2:19-cv-0220 (E.D. Tex.) (the 220 case). D.I. 10 at 6; D.I. 14 at 8. In the 220 case, Uniloc 2017 accuses the software licensing and delivery system referred to as the "Nexon Launcher" of infringement. D.I. 10 at 6. The 220 case remains pending.

## II. LEGAL STANDARDS

### A. Declaratory Judgment Jurisdiction

For a federal court to have subject matter jurisdiction over a declaratory judgment action, an actual case or controversy must exist. U.S. Const. art. III, § 2, cl. 1; 22 U.S.C. § 2201. "[T]here is no bright-line rule for determining whether [a declaratory judgment] action satisfies the case or controversy requirement." *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1282 (Fed. Cir. 2012).[3] Instead, the party seeking a declaratory judgment must show that the facts

---

[2] Uniloc's deadline to file a petition for *writ of certiorari* in *Big Fish* was December 12, 2019, D.I. 19 at 4, and the Eastern District's notice of dismissal in the 276 case was issued on December 17, 2019, *Uniloc USA Inc. v. Nexon America Inc.*, No. 2:17-cv-00276, D.I. 17. Both dates occurred after the parties had submitted briefing for this motion to dismiss.

[3] In this patent-only case, Federal Circuit law, rather than regional circuit law, applies to the issue of declaratory judgment jurisdiction. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) ("Because Xilinx's declaratory judgment appeal involves only claims of patent

3

alleged, "under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

A "party seeking a declaratory judgment must establish that jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Streck*, 665 F.3d at 1282.

### B. The First-Filed Rule

Even when declaratory judgment jurisdiction exists, a district court retains discretion to decline to hear the case. *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 903 (Fed. Cir. 2008); *see also* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . any court . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added)). The Federal Circuit "prefer[s]" that district courts decline to hear a declaratory judgment action if a "first-filed case" involves the same subject matter as the declaratory judgment

---

noninfringement, 'we apply Federal Circuit law because the jurisdictional issue is intimately involved with the substance of the patent laws.'"); *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) ("[W]e apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws.'").

4

action.[4] *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Thus, under Federal Circuit law, district courts should generally favor the forum of the first-filed case "unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise." *Id.* Such considerations may include "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.*

### III. DISCUSSION

Uniloc argues that Nexon America's entire complaint should be dismissed for lack of subject matter jurisdiction because no case or controversy exists between the parties. D.I. 10 at 1. Uniloc also contends that "Nexon America's claims involving the [#]578, and [#]293 patents should be dismissed . . . under the first-filed case rule" because Uniloc has already asserted those patents against Nexon Korea and Nexon Japan in the 220 case.[5] D.I. 10 at 9.

---

[4] "In patent cases, application of the first-filed rule is governed by Federal Circuit law." *In re Mobile Telecommunications Techs., LLC*, 243 F. Supp. 3d 478, 483 (D. Del. 2017).

[5] Uniloc also argued in its briefing that the claims based on the #228 and #229 patents should be dismissed under the first-filed rule because those patents were asserted in the 276 case. D.I. 10 at 2. This argument, however, is now moot because the Eastern District has dismissed the 276 case.

5

### A. The #466 and #766 patents

Uniloc argues that Nexon America's claims involving the #466 and #766 patents should be dismissed for lack of a case or controversy "because, at the time Nexon America filed its declaratory judgment complaint, the claims of the [#]466 and [#]766 patents that had been asserted against Nexon America [in the 281 case] had been held invalid by the district court in an opinion affirmed by the Federal Circuit." D.I. 10 at 9. Nexon America counters that a case or controversy exists because other claims of the #466 and #766 patents remain live and it "is entitled to pursue this action until such a time as either these patents are disposed of in their entirety, or Uniloc covenants not to assert the remaining claims." D.I. 14 at 13. I agree with Nexon America.

The Federal Circuit has held that "[i]f a party has actually been charged with infringement of [a] patent, there is, necessarily, a case or controversy adequate to support jurisdiction at that time." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (emphasis removed) (alterations and citation omitted). Moreover, the Federal Circuit has found declaratory judgment jurisdiction where the defendant had "engaged in a course of conduct that show[ed] a preparedness and willingness to enforce its patent rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007).

Here, Uniloc has previously charged Nexon America with infringement of

6

the #466 and #766 patents and Uniloc's behavior has shown a willingness to further assert its rights in those patents. Uniloc asserted the #466 and #766 patents against Nexon America in the 281 case in 2017. Although Uniloc terminated that case, it has not covenanted not to assert the remaining claims of those patents against Nexon America. Uniloc has also recently sued Nexon America for infringement of other patents in multiple cases. Uniloc has thus demonstrated a willingness to assert its patents against Nexon America through multiple simultaneous lawsuits. Nexon America can reasonably suspect that Uniloc may assert the remaining claims of the #466 and #766 patents against it, and declaratory judgment jurisdiction exists for those claims.

### B.     The #228 and #229 patents

Because the Western District of Washington invalidated the #228 and #229 patents, the Federal Circuit affirmed that decision, and Uniloc did not file a petition for *writ of certiorari* to the Supreme Court before its deadline to file a petition passed, I will dismiss Nexon America's claims as to those two patents.

### C.     The #578 and #293 patents

Uniloc argues that Nexon America's claims based on the #578 and #293 patents "should be dismissed for lack of jurisdiction and under the first-to-file rule." D.I. 10 at 9.

7

1.  **Declaratory Judgment Jurisdiction**

Uniloc argues first that no case or controversy exists between it and Nexon America because, after dismissing the 281 case in which Uniloc had asserted the #578 and #293 patents, Uniloc re-filed its suit for infringement of the #578 and #293 patents against Nexon Japan and Nexon Korea, not Nexon America, evidencing an intent to pursue those entities only. D.I. 10 at 9. I disagree. Uniloc has already charged Nexon America with infringement of these patents in the 281 case and has failed to agree to not assert the patents against Nexon America in the future. Also, as explained above, Uniloc's behavior indicates a general preparedness and willingness to continue to assert its patent rights. I thus find that declaratory judgment jurisdiction exists for the claims that are based on the #578 and #293 patents.

2.  **The First-Filed Rule**

Uniloc next argues that "even if there were declaratory judgment jurisdiction over claims involving the [#]578 and [#]293 patents, there is already a first-filed case in the Eastern District of Texas," namely, the 220 case against Nexon Japan and Nexon Korea. D.I. 10 at 10. Although I agree with Uniloc that the 220 case is the first-filed action for these patents, I will not apply the first-filed rule here because the Eastern District does not have venue over Nexon America and Nexon America is a desirable, if not necessary, party to that case and will not consent to

8

venue in the Eastern District. *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (noting that an exception to the first-filed rule exists when there is an the "absence of jurisdiction over all necessary or desirable parties."); Fed. R. Civ. P. 19(a)(3) ("If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.").

Under 28 U.S.C. § 1400(b), a patent case may only "be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2012). Nexon America is a Delaware corporation and thus it does not reside in Texas. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017) (holding that domestic corporations "reside" only in their state of incorporation). Accordingly, for venue to lie in the Eastern District, Nexon America must have committed acts of infringement and must have a regular and established place of business in the Eastern District. It is undisputed, however, that Nexon America "has no employees, agents, game servers, . . . bank accounts, local telephone number, inventory or infrastructure, interaction with customers or users through localized customer support, ongoing contractual relationships, or targeted marketing efforts in the Eastern District of Texas." D.I. 14 at 7. Thus, the Eastern District lacks venue over Nexon America.

It is also fair to say that Nexon America is a desirable if not necessary party

9

to the 220 case because, as Nexon America's unrebutted sworn declarations establish, Nexon America alone developed and manufactures the accused Launcher technology. D.I. 14 at 5; D.I. 15 ¶ 3; D.I. 15 ¶ 4. Uniloc asserts that "Nexon Japan is known to have developed Nexon Launcher," but in support of that assertion it cites only (1) a third-party webpage from "windowsbullentin.com" that lists Nexon Japan as the developer and (2) a terms-of-use page on the Nexon website that presents an agreement between a user and "[Nexon Japan] and its subsidiaries and affiliates." D.I. 10 at 3; D.I. 11 ¶ 3. Such evidence does not establish that Nexon Japan developed and manufactures the Launcher as opposed to Nexon America. The third party website appears to have no link to Nexon. And the terms-of-use agreement lists Nexon Japan *as well as other subsidiaries* such as Nexon America; plus, the agreement does not state that Nexon Japan developed the Launcher technology. Uniloc also asserts that "Nexon Korea is claimed to be the publisher of Nexon Launcher," but in support of that assertion it cites only a security warning that lists Nexon Korea as the "Publisher." D.I. 10 at 4; D.I. 11 ¶ 4. Nexon America credibly counters that the "Publisher" notice on the installing screen is the digital signature used for security, and that "[b]ecause Nexon America is in the Nexon corporate family, it currently uses the security key and digital certificate provided by Nexon Korea, [but the key] is not part of the accused Launcher." D.I. 14 at 6.

## IV. CONCLUSION

For the reasons discussed above, the Court has subject matter jurisdiction over Nexon America's declaratory judgment claims for the #466, #766, #578, and #293 patents; Nexon America's claims as to the #228 and #229 patents are moot because those patents have been invalidated; and the first-filed rule does not warrant dismissal of Nexon America's claims that are based on the #578 and #293 patents. I will therefore deny Uniloc's motion to dismiss Nexon America's claims that are based on the #466, #766, #578, and #293 patents, but I will grant Uniloc's motion to dismiss the claims that are based on the #228 and #229 patents.

The Court will issue an Order consistent with this Memorandum Opinion.